UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANDRE SIMON FITZGERALD ESPEUT, | Civil No. 12-1676 (JLL) |
| Petitioner, | |
| v. | MEMORANDUM OPINION |
| ERIC H. HOLDER, JR., et al., | |
| Respondents. | |

**LINARES, District Judge**:

1. Andre Simon Fitzgerald Espeut, a citizen of the United Kingdom, filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 challenging his detention at Essex County Correctional Facility by the Department of Homeland Security ("DHS) as an immigration detainee. The Petition recites much law and few facts. Petitioner alleges simply that he is a citizen and native of the United Kingdom who was admitted to the United States at Miami Florida, on April 12, 1988, as a nonimmigrant B2, that DHS has detained him for seven months, and that he has not received a bond hearing to determine if he is a flight risk or danger to the community. (CM/ECF No. 1.) Petitioner seeks a declaratory judgment stating that he is eligible to be released on bond because he is not a flight risk or a danger to the community, and a writ of habeas corpus directing his immediate release or a bond hearing, or a writ directing respondents to explain why he should not be released immediately. (Id. at 10-11.)

2. Under 28 U.S.C. § 2241(c), habeas jurisdiction "shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has subject matter jurisdiction under § 2241(c)(3) if the petition asserts facts showing: (1) the petitioner is "in custody," and (2) the custody is "in violation of the

Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); Maleng v. Cook, 490 U.S. 488, 490 (1989).

3. Habeas Rule 4 requires a district court to examine a habeas petition prior to ordering an answer and to dismiss the petition if the petitioner is not entitled to relief. See 28 U.S.C. § 2254 Rule 4, applicable through Rule 1(b). Habeas Rule 4 provides in relevant part:

> The clerk must promptly forward the petition to a judge . . . and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

28 U.S.C. § 2254 Rule 4, applicable through Rule 1(b).

4. "Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." McFarland v. Scott, 512 U.S. 849, 856 (1994); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989). Dismissal without the filing of an answer or the State court record is warranted "if it appears on the face of the petition that petitioner is not entitled to relief." Siers, 773 F.2d at 45; see also United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000) (habeas petition may be dismissed where "none of the grounds alleged in the petition would entitle [the petitioner] to relief").

5. The statutory authority to detain an alien depends on where the alien is in the removal process. See Diouf v. Mukasey, 542 F.3d 1222, 1228 (9th Cir. 2008). Section 1226(a) of Title 8 provides the Attorney General with discretionary authority to detain or to release aliens on bond or conditional parole pending the outcome of the removal proceeding. See 8 U.S.C. § 1226(a). Section § 1226(c), an exception to § 1226(a), mandates detention of specified criminal aliens during removal proceedings, provided detention does not continue for a prolonged period of time. See 8 U.S.C. § 1226(c); Diop v. ICE/Homeland Sec., 656 F.3d 221, 232 (3d Cir. 2011) ("At a certain

point, continued detention becomes unreasonable and the Executive Branch's implementation of § 1226(c) becomes unconstitutional unless the Government has justified its actions at a hearing inquiring into whether continued detention is consistent with the law's purposes of preventing flight and dangers to the community."). Section 1231(a)(2) mandates detention during the removal period established in § 1231(a)(1)(B), and § 1231(a)(6) provides the Attorney General with discretionary authority to detain aliens beyond the removal period, or release them under supervision. See 8 U.S.C. § 1231; Zadvydas v. Davis, 533 U.S. 678, 701 (2001) ("After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing.").

6. The Petition filed by Petitioner Espeut is legally insufficient because Espeut does not assert facts which show that he is in custody in violation of the Constitution, laws or treaties of the United States. For example, Petitioner does not state the date of his detention, whether or not a final order of removal has been issued, the facts regarding his arrest and detention, or why his detention violates federal law. Under these circumstances, this Court will dismiss the Petition because it is legally insufficient on its face. The dismissal is without prejudice to the filing of a new petition in a new case which specifies sufficient facts and grounds showing that Petitioner is in custody in violation of the Constitution, laws or treaties of the United States. This Court will direct the Clerk to provide Petitioner with a form for use by a prisoner filing a petition under 28 U.S.C. § 2241.

Dated: March 27, 2012

_____
JOSE L. LINARES, U.S.D.J.